O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Ormesher and Jose Alves,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Roger Raskin, et al.,<br><br>　　　　　Defendants. | CV 09-6161 RSWL (PLAx)<br><br>ORDER Re: Motion for Sanctions Against Attorney Peter C. Bronstein<br>[66] |

On July 27, 2010, Plaintiffs' Motion for Sanctions Against Peter C. Bronstein came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS**:

　The Court hereby **GRANTS** Plaintiffs' Motion for Sanctions. The Court finds that Mr Bronstein's submissions of both the co-authorship and implied license defenses are sanctionable. In opposition to

1

1  Plaintiff's Summary Judgment Motion, Mr. Bronstein
2  submitted declarations and supporting argument that
3  Defendants co-authored the song in dispute with
4  Plaintiffs and that Defendants had an implied license
5  to distribute the song.  However, Defendants' claim of
6  co-authorship of Plaintiffs' song is refuted by the
7  physical evidence and Defendants' own statements in
8  prior depositions.  Specifically, the song recordings
9  submitted to the Court with Plaintiff's Summary
10 Judgment Motion show that the song in dispute was
11 unchanged between 2001 and 2007.  These recordings were
12 not objected to or questioned by Defendants.  Moreover,
13 Defendants admit that they only met Plaintiffs in 2004.
14 Thus, the physical evidence directly contradicts the
15 claim that Defendants co-authored the song.
16 Furthermore, Defendants specifically stated that they
17 made no contributions to the song in their deposition
18 testimony.
19     Defendant's prior deposition testimony also
20 contradicts the implied license defense Mr. Bronstein
21 argued in opposition to Plaintiff's Summary Judgment
22 Motion.  Defendants stated that they had no license to
23 distribute Plaintiff's song in prior depositions.
24 However, Mr. Bronstein submitted declarations and
25 supporting argument contending that Defendants had an
26 implied license to distribute the song.
27     By submitting Defendants' declarations pertaining
28 to these two defenses which directly contradicted

2

1 Defendants' prior deposition testimony and the
2 available physical evidence, Mr. Bronstein violated the
3 Sham Affidavit Rule.  Under prevailing law, a party
4 cannot create an issue of fact by an affidavit
5 contradicting prior deposition testimony.  <u>Kennedy v.</u>
6 <u>Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266 (9th Cir.
7 1991).  A violation of the Sham Affidavit Rule is
8 sanctionable under Federal Rule of Civil Procedure 11,
9 Federal Rule of Civil Procedure 56(g), and 28 U.S.C. §
10 1927.
11     Federal Rule of Civil Procedure 11 provides that
12 every pleading, motion, or other paper presented to the
13 court must be signed by an attorney, or the party if
14 not represented by an attorney.  Fed. R. Civ. P. 11(a).
15 The signature certifies that a pleading, motion, or
16 other paper is to the best of the signatory's
17 knowledge, information, and belief formed after a
18 reasonable inquiry "warranted by existing law or by a
19 nonfrivolous argument for extending, modifying, or
20 reversing existing law or for establishing new law" or
21 "the factual contentions have evidentiary support or,
22 if specifically so identified, will likely have
23 evidentiary support after a reasonable opportunity for
24 further investigation or discovery." Fed. R. Civ. P.
25 11(b)(2) and (3).
26     Federal Rule of Civil Procedure 56(g) provides that
27 if "an affidavit under this rule is submitted in bad
28 faith or solely for delay, the court must order the

submitting party to pay the other party the reasonable expenses, including attorney's fees". Fed. R. Civ. P. 56(g).

Lastly, 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Pursuant to each of these authorities, the Court finds that Mr. Bronstein's submission of the implied license and co-authorship defenses is sanctionable. Moreover, the Court finds that the amount of attorneys' fees requested is a fair and reasonable calculation of the expense to Plaintiffs in refuting the implied license and co-authorship defenses. Thus, Mr. Bronstein is ordered to pay Plaintiffs $8,450 within 30 days of the date of this Order.

DATED: July 28, 2010

**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

4