O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY ORMESHER, an individual; and JOSE ALVES, an individual,<br><br>         Plaintiffs,<br><br>    v.<br><br>ROGER RASKIN, an individual, *et al.*,<br><br>         Defendants. | CV 09-6161 RSWL (PLAx)<br><br>**ORDER Re: Plaintiffs' Motion to Tax Attorney Fees as Costs [82]** |

    On November 16, 2010, Plaintiffs' Motion to Tax Attorney Fees as Costs [82] came on for regular calendar before this Court.  The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

*///*

1  The Court hereby **GRANTS** Plaintiffs' Motion to Tax
2  Attorney Fees as Costs.
3  Section 505 of the Copyright Act provides the Court
4  discretion to "award a reasonable attorney's fees to the
5  prevailing party[.]"  17 U.S.C. § 505.  In applying this
6  provision, the Court must: (1) "decid[e] whether an
7  award of attorneys' fees is appropriate" and (2)
8  "calculat[e] the amount of fees to be awarded."
9  Traditional Cat Ass'n v. Gilbreath, 340 F.3d 829, 832-33
10 (9th Cir. 2003).
11 The Court may consider the following nonexclusive
12 factors in determining whether an award of attorney fees
13 is appropriate: (1) the degree of success obtained; (2)
14 frivolousness; (3) motivation; (4) reasonableness of
15 losing party's legal and factual arguments; and (5) the
16 need to advance considerations of compensation and
17 deterrence.  Wall Data Inc. v. L.A. Cnty. Sheriff's
18 Dep't, 447 F.3d 769, 787 (9th Cir. 2006) (citing Smith
19 v. Jackson, 84 F.3d 1213, 1221 (9th Cir. 1996)).
20 If the Court finds that an award of attorney fees
21 is appropriate, then the Court should be guided by the
22 considerations identified in Hensley v. Eckerhart, 461
23 U.S. 424, 436-37 (1983), in determining the amount of
27 attorney fees to be awarded under the Copyright Act.
28 Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).  In

1  Hensley, the United States Supreme Court approved the
2  lodestar method for the calculation of fees: multiplying
3  the number of hours reasonably expended on the
4  litigation by the reasonably hourly rate.  See 461 U.S.
5  at 433.
6      The Court finds that on balance, the factors
7  relevant in determining whether an award of attorney
8  fees is appropriate weigh in favor of Plaintiffs and
9  support a finding here that an award of attorney fees is
10 appropriate.
11     Furthermore, the Court finds that an award of
12 **$60,325** for attorney fees is appropriate under the
13 lodestar method.  In particular, the hourly rates
14 presented by Plaintiffs are reasonable.  Moreover, the
15 number of hours presented by Plaintiffs are also
16 reasonable as they are not excessive, redundant, or
17 otherwise unnecessary.
18     Accordingly, Plaintiffs' Motion to Tax Attorney
19 Fees as costs is **GRANTED.**
20
21 DATED:   November 24, 2010
22 **IT IS SO ORDERED.**
23
27                              RONALD S.W. LEW
                                _____
28                              **HONORABLE RONALD S.W. LEW**
                                Senior, U.S. District Court Judge