
cc: Fiscal Section

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| Anthony Ormesher and Jose Alves, | ) ) ) | CV 09-6161 RSWL (PLAx) |
| Plaintiffs, | ) ) | **ORDER** Re: Defendant Carlos Villalobos, Jr.'s Motion to Vacate Default and Set Aside Judgment [109] |
| v. | ) ) ) | |
| Roger Raskin, et al. | ) ) | |
| Defendants. | ) ) ) | |

On October 4, 2011, Defendant Carlos Villalobos Jr.'s ("Defendant Villalobos") Motion to Vacate Default and Set Aside Judgment came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

Defendant Villalobos's Motion to Vacate Default and Set Aside Judgment is **GRANTED**.

As a preliminary matter, the Court finds that this

1

Motion is timely as Defendant Villalobos filed within the one-year time limit of Federal Rule of Civil Procedure 60(c).  Fed. R. Civ. P. 60(c).  This Motion was also filed within a "reasonable time" as required by Rule 60(c), considering that Defendant Villalobos was not notified of the default judgment against him until March 11, 2011.  See Falk v. Allen, 739 F.2d 461, 464 (9th Cir. 1984) (holding that a five-month delay in filing a motion to vacate default judgment was reasonable).

    Considering the strong preference for deciding cases on the merits, the Court finds that the factors relevant in determining good cause for vacating default and default judgment weigh in favor of Defendant Villalobos.  Specifically, the three factors required to show good cause for setting aside both a default and a default judgment are, "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

    In regard to the first factor, the Court finds that Defendant Villalobos's failure to appear in this case did not rise to the level of culpable conduct pursuant to the standard set forth by the Ninth Circuit.  Defendant Villalobos received service of the Complaint

1  on August 28, 2009, yet failed to make any appearance
2  in this case prior to the present Motion.  While
3  Defendant Villalobos's failure to appear was likely
4  negligent, there is no evidence that he "acted with bad
5  faith, such as an 'intention to take advantage of the
6  opposing party, interfere with judicial decisionmaking,
7  or otherwise manipulate the legal process.'"  <u>United
8  States v. Signed Pers. Check No. 730 of Yubran S.
9  Mesle</u>, 615 F.3d 1085, 1092-93 (9th Cir. 2010) (quoting
10  <u>TCI Group</u>, 244 F.3d at 697).  This is supported by
11  Defendant Villalobos's Declaration, as well as
12  Plaintiffs' own admission that Defendant Villalobos was
13  never served with notice of the default or default
14  judgment entered against him.
15      The next factor, Defendant Villalobos's meritorious
16  defense, also weighs in favor of vacating default
17  judgment.  Taking all allegation as true, Defendant
18  Villalobos has alleged sufficient facts to constitute a
19  meritorious defense against Plaintiffs' copyright
20  infringement claim.
21      In addition, Plaintiffs have presented almost no
22  evidence of prejudice beyond having to prove up their
23  case against Defendant Villalobos.  This is not
24  sufficient to show prejudice. <u>Lacy v. Sitel Corp.</u>, 227
25  F.3d 290, 293 (5th Cir. 2000) (holding that prejudice
26  was not shown where the only harm to the plaintiff was
27  requiring it to prove its case).
28      Accordingly, the Court finds that good cause is

1  shown to vacate default and set aside the default
2  judgment.  However, the Court finds that setting aside
3  the default judgment against Defendant Villalobos could
4  potentially inhibit Plaintiffs' ability to collect the
5  outstanding amount of the final judgment, which is
6  currently $32,555.02.  Thus, the Court finds that
7  vacating the default judgment against Defendant
8  Villalobos should be contingent on the satisfaction of
9  conditions pursuant to Federal Rule of Civil Procedure
10 60(b).
11     Therefore, Defendant Villalobos's Motion to Vacate
12 Default and Set Aside Default Judgment is hereby
13 **GRANTED** upon the condition that Defendant Villalobos
14 post a bond in the amount of $32,555.02 within **45 days**
15 of issuance of this Order.  The default judgment is
16 vacated once Defendant Villalobos complies with such
17 condition, and Defendant Villalobos's time to respond
18 to the Complaint is extended **10 days** from such date of
19 compliance.

21 DATED: October 6, 2011
22 **IT IS SO ORDERED.**

24                        _RONALD S.W. LEW_
25                   **HONORABLE RONALD S.W. LEW**
26                   Senior, U.S. District Court Judge